

1998 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-1998

# Brytus v. Spang & Company

Precedential or Non-Precedential:

Docket 97-3514

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1998

Recommended Citation

"Brytus v. Spang & Company" (1998). *1998 Decisions.* Paper 182.
http://digitalcommons.law.villanova.edu/thirdcircuit_1998/182

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1998 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed August 4, 1998

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 97-3514

JEAN E. BRYTUS; JOHN LAZOR; WHEAT GIACOBBE;
JOHN STANKO; STEVE KOTYK; ALEX WARCHOLAK, and
others similarly situated; JOHN KOTYK; SAM BORIELLE,
JR., and others similarly situated; EDWARD J. GOLONKA,
and others similarly situated

v.

SPANG & COMPANY; UNION NATIONAL BANK; PENSION
PLAN, for Former Bargaining Unit Employees of Fort Pitt
Bridge and Electric Weld Divisions at Cannonsburg, PA
Plant; UNITED STEELWORKERS OF AMERICA,
AFL-CIO-CLC, a labor organization

(D.C. Civil No. 88-cv-02548)

EDWARD J. GOLONKA, and others similarly situated

v.

SPANG & COMPANY; PENSION PLAN, for Former
Bargaining Unit Employees of Fort Pitt Bridge and Electric
Weld Division at Cannonsburg, PA Plant; UNITED
STEELWORKERS OF AMERICA,

(D.C. Civ. No. 91-cv-01041)

JEAN E. BRYTUS; JOHN LAZOR; WHEAT GIACOBBE;
JOHN STANKO; STEVE KOTYK; ALEX WARCHOLAK;
JOHN KOTYK and SAM BORIELLE, JR., and others
similarly situated,
        Appellants

On Appeal from the United States District Court
for the Western District of Pennsylvania

Argued July 9, 1998

Before: SLOVITER and ROTH, Circuit Judges, and
FULLAM,* District Judge

(Filed: August 4, 1998)

Daniel P. McIntyre (Argued)
Miami Beach, Florida 33119

William T. Payne
Schwartz, Steinsapir, Dohrmann
 & Sommers, LLP
Pittsburgh, PA 15219

 Attorneys for Appellants

Carl B. Frankel
General Counsel
United Steelworkers of America
Pittsburgh, PA 15222

Jeremiah A. Collins (Argued)
Bredhoff & Kaiser, P.L.L.C.
Washington, D.C. 20036

 Attorneys for Appellee,
United Steelworkers of America

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Counsel for Jean E. Brytus and seven other named

_____

*Hon. John P. Fullam, Senior United States District Judge for the
Eastern District of Pennsylvania, sitting by designation.

2

plaintiffs, who filed a successful class action against plaintiffs' former employer Spang & Co. for violating the Employee Retirement Income Security Act of 1974, 29 U.S.C. S 1001 et seq. (ERISA) by failing to distribute the plan surplus to retired workers, filed a motion for attorneys' fees from the common fund they had created. The district court initially denied the motion on the ground these counsel were entitled to and would receive counsel fees to be paid by Spang under the statutory fee provision for prevailing parties under ERISA, and therefore were not also entitled to recovery from the common fund. In its opinion on reconsideration, the court maintained essentially the same position but added that it was exercising its equitable powers in reaching its decision. Counsel appeals from that order. The threshold issue before us is whether we have jurisdiction to consider this interesting issue at this time.

I.

In 1995, the district court, relying on our prior decision in Delgrosso v. Spang & Co., 769 F.2d 928 (3d Cir. 1985) (relating to a similar pension fund at a different Spang plant), found that Spang had wrongfully acquired the surplus assets of an ERISA-protected retirement fund instead of distributing the surplus proportionately to the retirees, see app. at 172-91; app at 193-97, and we affirmed the judgment of the district court. See 79 F.3d 1137 (3d Cir. 1996) (unpublished table decision), cert. denied, 117 S.Ct. 70 (1996). After the district court's order on the merits, two of the counsel for the plaintiff class, Daniel P. McIntyre and William T. Payne (referred to as "counsel"), sought reasonable attorneys' fees under the fee-shifting provision of ERISA and also "invoke[d] the common fund doctrine as warranting a recovery of fees out of the fund they have recovered on behalf of the class." App. at 219. By 1995, when counsel filed this motion, the "common fund" consisted of approximately $11.5 million dollars.

Spang did not contest the counsel's right to a reasonable attorneys' fee as a prevailing party under ERISA, but did contest the hourly rates to be applied and the costs claimed. In particular, Spang objected to the request of Payne and McIntyre for a total of $467,833, app. at 243,

3

because that request was based on Payne's rate at $275 per hour and McIntyre's rate at $300 per hour. Spang argued that the appropriate fee was approximately $380,082, based on hourly rates of $260 per hour for McIntyre, and $220 per hour for Payne. App. at 363. Although the district court assured counsel that they would receive a reasonable rate for every hour worked, it did not resolve the dispute over the hourly rate.

The United Steelworkers Association ("the Union"), as intervenor, opposed counsel's request for a fee award of approximately 20-30% of the $11.5 million recovered, or approximately $2,300,000 to $3,450,000. It argued that all of counsel's reasonable fees would be paid by the wrongdoing employer, and contended that it would be inconsistent with ERISA policy to permit diminution of the employees' fund. The district court denied counsel's request for attorneys' fees from the common fund, finding "that because this action was brought under a fee-shifting provision of ERISA and was litigated to judgment, the attorneys' fees to be awarded in this action are to be governed according to the principles of awarding fees under the fee-shifting provision." Memorandum Order, July 14, 1997 at 5-6. In its subsequent reconsideration order, the court also stated that "[c]onsidering the fact that the result in this case is principally driven by ERISA, the Court, in the exercise of its equitable powers, finds that under the totality of the circumstances, an award of reasonable attorneys' fees based on an unenhanced lodestar formula plus expenses is the only reasonable method of compensating Plaintiff-Participants' counsel for their services." Memorandum Order, August 15, 1997 at 5-6. Counsel for plaintiffs now appeal the order denying the request for a fee award from the common fund.

The parties have focused their principal briefs on the merits of the district court's order denying counsel fees from the common fund created from their efforts. Counsel note that the great bulk of the $12 million fund will go to class members other than those they represented who will receive from the fund four times more than their then total pension, that they invited the district court to reduce any fees they might receive from the common fund by the

4

amount of statutory fees awarded, and that only by awarding them a share of the fund they produced will they be able to be compensated for the risks they faced and the success they achieved.1 They cite to cases in other courts that have allowed both an ERISA statutory fee and an award from the common fund, arguing that without this incentive ERISA plaintiffs may not be able to secure competent counsel who will assist them in gaining access to the courts to secure their rights under the statute.

The Union counters that the ERISA cases in which counsel recovered from the common fund are cases that were settled rather than litigated to judgment, as here. The Union also argues that it would be contrary to the remedial provisions and purposes of ERISA to require plan participants to give up pension assets to enhance the income of counsel who will receive reasonable fees from the defendant employer. The Union treats the district court's order as one that was within its discretion, a discretion it argues we should not disturb.

These are provocative arguments that have not yet been addressed by this court. Both parties believe we have jurisdiction, and gave the matter no attention until we directed briefing on the issue. They still maintain we have jurisdiction, treating the district court's order as a collateral order under Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).

II.

The unbroken precedent of this court is to the effect that an award of attorneys' fees will not be reviewed if the amount of the fees have not been quantified because such an order is not a final order. See, e.g., Polonski v. Trump Taj Mahal Assocs., 137 F.3d 139, 144 (3d Cir. 1998); Ragan v. Tri-County Excavating, Inc., 62 F.3d 501, 505 (3d Cir. 1995); Pennsylvania v. Flaherty, 983 F.2d 1267, 1277 (3d

_____

1. The Supreme Court has held that contingency is not a factor that is allowed in the calculation of the statutory fee under the lodestar formula. See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 716-28 (1987).

5

Cir. 1993); Frangos v. Doering Equip. Corp., 860 F.2d 70, 72 (3d Cir. 1988). Were the rule otherwise we might find ourselves facing two distinct appeals, one on the decision whether to award fees and thereafter an appeal regarding the amount awarded. In this case, although the district court had decided a statutory fee would be awarded and had given some indication of its inclination, thefinal amount had not yet been fixed. Thus, an appeal with respect to the statutory fee would not be ripe.

Counsel argue that the issues relating to the statutory fee are distinct from those relating to the common fee award, and in support note that the fees are paid from different sources -- the statutory fee from Spang and the common fund fee from those who benefited from their services. Therefore, they argue, this order is included within the small class of decisions held appealable in Cohen as final under S 1291 even though they do not terminate the underlying litigation. To be eligible for review under Cohen, the order must (1) conclusively determine the disp uted question, (2) resolve an important issue completel y separate from the merits of the action, and (3) be  effectively unreviewable on appeal at the conclusion of the litigation. See Cohen, 337 U.S. at 545-47 (1949); Michelson v. Citicorp National Servs. Inc., 138 F.3d 508, 517 (3d Cir. 1998).

Applying the Cohen factors here, it is apparent that the district court's order, although admittedly its last word on counsel's entitlement to fees from the common fund, does not conclusively determine the "disputed question" of attorneys' fees because the amount of the statutory fees under ERISA it approved in principle is not yet quantified.

Perhaps most important, we do not regard the district court's denial of a common fund fee award as separate from the remaining issue of the amount of statutory attorneys' fees. Indeed they are intertwined. Counsel seeks to draw a distinction between the statutory fee, which is awarded to the prevailing party, and award from the common fund, which is directly earmarked for the attorneys themselves. We will not address the validity of this distinction because, even if valid, it fails to undercut the indisputable fact that the fee requests are interconnected and neither is "completely separate" from the remaining attorneys' fee

6

issue in the case. In this connection, counsel for plaintiffs would appear to have acknowledged such a linkage in their invitation to the district court to deduct from a common fund fee award the amount of any statutory fee awarded.

We cannot assume that when the court rules finally on the statutory fees it will not consider its decision denying counsel fees from the common fund. Similarly, had the court ruled favorably to counsel on the entitlement to the common fund fee, it is likely that the district court would have considered that award in fixing the statutory fee. Decisions holding that an order awarding counsel afixed recovery as an equitable right to a common fund is afinal order, Boeing Co. v. Van Gemert, 444 U.S. 472, 480–82, nn.5 & 7 (1980); In re Nineteen Appeals Fire Litigation Arising out of the San Juan Dupont Plaza Hotel, 982 F.2d 603, 608–10 (1st Cir. 1992); Overseas Development Disc Corp. v. Sangamo Constr. Co., 840 F.2d 1319, 1324 (7th Cir. 1988), are inapposite. Those cases do not involve both a common fund award and an award of statutory attorneys' fees. A fortiori, none of those cases involved the impediment of a statutory fee that was not yet final because it had not been quantified.

We view our decision holding the order denying recovery from the common fund not yet appealable as consistent with the underlying rationale for denying review of interlocutory orders –- to avoid piecemeal appeals. See Praxis Properties, Inc. v. Colonial Savings Bank, 947 F.2d 49, 54 n.5 (3d Cir. 1991) ("[t]his rule reflects federal policy against piecemeal appeals").2

Accordingly, we conclude that we lack jurisdiction to review the order under the Cohen doctrine. See Gulfstream Aerospace Corp. v. Mayacamas Corp. 485 U.S. 271, 276 (1988) ("If the order at issue fails to satisfy any one of these requirements, it is not appealable under the collateral-order

_____

2. Counsel contend that the denial of appellate review now will preclude appellate review in the future because the common fund will be distributed and no longer available even following a successful appeal. We take no position on this possibility, but note that counsel may request that the district court make only a partial distribution of the common fund after it quantifies the statutory fee award.

7

exception to S 1291"). For the reasons set forth, we will dismiss the appeal.

A True Copy:
Teste:

       Clerk of the United States Court of Appeals
       for the Third Circuit

8